IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Reid B. Law, <br><br> Plaintiff, <br><br> v. <br><br> Greg Stott, Juliene McCormick, Renee Pritchard, Morgan Murray, and West Carroll C.U.S.D. #314, <br><br> Defendants. | Case No.: 3:24-cv-50235 <br><br> Judge Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

Plaintiff Reid Law brought this *pro se* Complaint against members of the Carroll County School Board, in their individual and official capacities, and the School District (collectively, "Defendants"), alleging state and federal claims. Reid seeks compensatory and punitive damages, and a writ of mandamus. Defendants jointly moved to dismiss under 12(b)(1) and 12(b)(6). Because Plaintiff fails to show standing, the Court grants Defendant's 12(b)(1) Motion.

**Background**

The Court takes the following allegations from Reid's Complaint (and Response) and accepts them as true for the purposes of deciding this Motion. It considers only those allegations relevant to this decision.

Reid lives in Carroll County, Illinois, within the West Carroll Community Unit School District No. 314 ("the District") boundaries. Dkt. 1, pg. 2.[1] His children attended a West Carroll High School ("West Carroll"), *Id.* pg. 2, and, according to Reid's Response, at least one child was enrolled when the following events occurred. Dkt. 14, pg. 2.

On March 22, 2023, a West Carroll principal abruptly submitted a letter of resignation. Dkt. 1, pg. 4. West Caroll employees quickly alerted staff and held a meeting. *Id.*, pg. 5. The next day, some teachers "call[ed] off," and didn't come to school. *Id.* Many parents (although apparently not Reid) removed their children from

---

[1] Reid's paragraph numbering changes throughout the Complaint, so the Court cites only the page number.

the "chaotic" environment. *Id.* According to Reid's Response, the walk-out affected three of his son's classes, resulting in no instruction for those periods. Dkt. 14, pg. 3. The District's superintendent, Julie Katzenberg, emailed two staff members, asking them to serve as interim principals. Dkt. 1, pg. 5.

That night, the District held a pre-planned School Board meeting. *Id.* At some point, the Board made a motion to adjourn to a "closed session." *Id.* A couple hours later, the Board returned to an "open session." *Id.*, pg. 6. A Board member moved to place Superintendent Katzenberg on paid administrative leave. *Id.* The Board held no discussion and the motion wasn't on the agenda. *Id.* The motion passed. *Id.* After Reid contacted the Illinois Attorney General, the Attorney General determined that the Board violated the Open Meetings Act when it acted without an agenda item. *Id.*, pg. 7. Reid doesn't explicitly allege he attended any portion of the Board meeting.[2]

After the Board's adjournment, school officials discussed reaching out to a former West Carroll principal to see if he would return to serve the remainer of the year. *Id.*, pg. 6. That former principal agreed, and started the following Monday, March 27, 2023. *Id.* The Board didn't formally approve the appointment until March 29, 2023. *Id.* According to Reid, that principal acted without authority and earned an unwarranted salary during those three intervening days. *Id.*, pg. 7.

Reid says these events "created dissension and chaos among students, staff and parents." *Id.* He also alleges that "tax payers and residents" are trying to join another district and sell their homes due to the Board's actions. *Id.* Reid has asked the Board for more information about Katzenberg's dismissal, but the Board hasn't responded. *Id.*, pg. 4. He has also submitted some FOIAs. *Id.*, pg. 2.

**Analysis**

Reid brings four claims. Count I is a "Section 1983" claim, alleging the Board and its members violated his First and Fourteenth Amendment rights. Count II is a breach of contract claim, alleging the Defendants breached their duty to uphold the Constitution and state laws. Count III is a "breach of fiduciary responsibility" claim, alleging the Board violated his rights when they hired someone without following proper procedures. Count IV seeks a writ of mandamus to compel defendants "to follow the U.S. Constitution, Illinois State Constitution, Illinois State Laws, and [District] policies."

    **A.**    **12(b)(1)**

---

[2] Plaintiff says he was in the District at the time and provides an address. *Id.* pg. 7. It's not clear what the address refers to and Reid never says he attended the meeting. In any event, he doesn't allege he objected or would have been allowed to speak in the first place.

The Constitution limits federal courts' jurisdiction to "cases" or "controversies." U.S. Const. Art. III, § 2. Those are legal terms, so it's not enough for a plaintiff to show a "controversy," as that word is used in everyday language. Instead, the Supreme Court requires a plaintiff to show that they have "standing" to bring a suit in federal court. Standing means that the plaintiff (1) suffered an "injury-in-fact," that's "concrete and particularized" and "actual or imminent;" (2) the injury is "fairly traceable to the defendant;" and (3) that a favorable decision will likely redress the injury. *Milwaukee Police Assoc. v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). And once again, all those terms have their own specific legal meanings that often differ from their ordinary definitions.

The main issue in this case is the "injury" prong. An "injury" can be "a physical injury, a monetary injury, an injury to one's property, or an injury to one's constitutional rights." *F.D.A. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 381 (2024). At all times, the injury must be "particularized," in the sense that it affects "the plaintiff in a personal and individual way." *Id.* (citations omitted). These injury requirements, "screen[] out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." *Id.* And though many tax-payers may wish it weren't so, the Supreme Court has repeatedly held that paying taxes, on its own, is "generally not enough to establish standing." *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 593 (2007).

Though Reid may be frustrated by the Board's actions, his allegations don't establish a constitutional injury. Construing Reid's *pro se* Complaint liberally, the Court will assume that he brings this action on behalf of his son as well. But as Defendants argue, Reid (or his son) still can't establish that missing three class periods qualifies as a "concrete" injury. Nor do his other allegations—i.e. the Board's failure to follow procedures in dismissing a superintendent and hiring an interim principal—rise to a cognizable level. Even if Reid had attended the Board meeting and wished to speak, which he doesn't allege, he still doesn't show how that deprivation constitutes an "injury" under the circumstances. Further, Reid doesn't allege *how* hiring a principal—even if done inappropriately—particularly harmed him; it's possible the Board's actions are causing other residents to leave the District or wastes tax-payer money, but those aren't unique injuries. And even if those were cognizable, Reid can't establish a causal link between that harm and the Defendants' conduct. For example, none of the allegations show how the Board is responsible for teachers walking out. So, Reid can't establish constitutional standing.

### B. 12(b)(6)

The Court notices many issues with Reid's substantive claims, doubting whether any of them—as currently pled—could survive a motion to dismiss. However, because the

3

Court concludes it lacks standing, the Court "is without authority to consider the merits of the action." *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016).

**Conclusion**

For the above reasons, the Court grants Defendants 12(b)(1) Motion.

Entered: March 6, 2025                 By:_____
                                                      Iain D. Johnston
                                                      U.S. District Judge